IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| **LISTON DIXON** | : | |
| | : | CASE NO. _____ |
| vs. | : | |
| | : | **NON-JURY TRIAL** |
| **UNITED STATES POSTAL SERVICE** | : | |
| and | : | |
| **ANTHONY RINGGOLD** | : | |

## COMPLAINT FOR CIVIL ACTION

**I.   The Parties to This Complaint**

   **A.  The Plaintiff**

     Name: Liston Dixon

     Street Address: 2823 North Broad Street, Apartment 3-F

     City and County: City and County of Philadelphia

     State and Zip Code: Pennsylvania 19132.

     Telephone Number: (267) 292-8462

     Email Address: Mw524511@gmail.com

   **B.  The Defendants**

     Defendant No. 1

       Name: United States Postal Service

       Street Address: Chief Counsel-National Tort Center: 1720 Market Street, Room 2400

       City and County: City of Saint Louis, County of Saint Louis City

       State and Zip Code: Missouri 63155

       Telephone No. (215) 863-5388

     Defendant No. 2

       Name: Anthony Ringgold

       Job Title: Driver

       Street Address: 6200 Wayne Avenue, Apartment A101

City and County: City and County of Philadelphia

State and Zip Code: Pennsylvania 19144

Telephone No. (215) 863-5388

**II.     Basis for Jurisdiction**

Jurisdiction herein is founded on 28 U.S.C. 1346(b), 2671-2680, also referred to as the Federal Tort Claims Act (FTCA).

**III.    Statement of Claim**

1. All preceding paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein

2. On or about January 6, 2020, Plaintiff, Liston Dixon, was a passenger in a Southeastern Pennsylvania Transit Authority (hereinafter referred to as "SEPTA") Bus that was dropping off passengers at the Olney Transportation Center located at 5600 N. Broad Street Philadelphia, PA 19141.

3. On the aforesaid date, time and location, Defendant, Anthony Ringgold, was operating a United States Postal Truck, Number 8217602, owned by Defendant, United States Postal Service, at or near the Olney Transportation Center located at 5600 N. Broad Street Philadelphia, PA 19141.

4. On the aforesaid date, time and location, due to the negligence and carelessness of the Defendants, the Defendants suddenly, and without warning, caused a violent collision, thereby causing the Plaintiff to sustain severe and permanent personal injuries and other damages as more fully set forth herein.

5. The above-described collision was caused solely by the negligence and carelessness of Defendants/Tortfeasors and was in no manner due to any act or omission on the part of the

Plaintiff.

6. On or about September 9, 2021, Plaintiff tendered notice of his claim to the United States Postal Service via the Standard Form 95, also known as Claim for Damage, Injury or Death, by electronic mailing. *See* completed Claim Form with Defendant, United States Postal Service's confirmation of receipt attached hereto as **Exhibit "A."**

7. More than six (6) months has passed since the date the Claim Form was submitted for review.

8. Defendant, United States Postal Service by and through their employee and agent, Anthony Ringgold, had a duty to abide by the Pennsylvania Motor Vehicle Code while driving a motor vehicle in the Commonwealth of Pennsylvania.

## COUNT I – NEGLIGENCE
## PLAINTIFF, LISTON DIXON V. DEFENDANTS, UNITED STATES POSTAL SERVICE AND ANTHONY RINGGOLD

9. All preceding paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein.

10. The aforesaid accident was caused by the negligence and carelessness of Defendants, acting as aforesaid, which negligence and carelessness consisted, inter alia, of the following:

   A. violating various sections of the Pennsylvania Motor Vehicle Code by failing to operate the vehicle properly;
   B. failing to have the vehicle within proper and adequate control;
   C. failing to keep a reasonable lookout for vehicles lawfully upon the road;
   D. failing to remain awake and/or attentive while operating a motor vehicle;
   E. failing to take or employ adequate and basic maneuvers in order to avoid and/or prevent the collision in question;
   F. failing to apply the brakes in time to avoid the collision;

      G. failing to operate the vehicle in accordance with the existing traffic conditions;

      H. failing to operate the vehicle in a manner consistent with the road, traffic and/or weather conditions prevailing at the time;

      I. failing to operate the vehicle with due regard for the rights, safety, health and position of other individuals upon the roadway, including the Plaintiff;

      J. failing to properly and adequately maintain, obey and comply with the Pennsylvania Motor Vehicle Code, or the rules of the road pertaining to the operation of motor vehicles as set forth herein; and

      K. such other acts of negligence and carelessness as may be adduced through discovery or at trial.

11. As a result of the aforesaid accident, Plaintiff, Liston Dixon, sustained serious, severe, and debilitating injuries, including, injuries to the neck, back, shoulders, chest, head, knees, body and extremities; and other injuries which may be known, other injuries which may be unknown and others which may develop, some or all of which may be permanent in nature.

12. As a further result of the said collision, Plaintiff, Liston Dixon, has suffered severe pain, mental anguish, humiliation, and embarrassment, and will continue to suffer same for an indefinite period of time in the future.

13. As a further result of the said collision, Plaintiff, Liston Dixon, has and will probably in the future, be obliged receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries suffered.

14. As a further result of the said accident, Plaintiff, Liston Dixon, has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries sustained in this accident.

15. As a further result of the said accident, Plaintiff, Liston Dixon, has been unable to attend to daily chores, duties, and occupations, and will be unable to do so for an indefinite time

in the future, all to Plaintiff, and Plaintiff's family's great financial detriment and loss.

16. As a further result of the said accident, Plaintiff, Liston Dixon, has and will suffer severe loss of earnings and/or impairment of earning capacity.

At all times material hereto, Plaintiff, Liston Dixon, is entitled to receive full tort benefits under the laws of the Commonwealth of Pennsylvania, specifically as set forth in the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL"), 75 Pa.C.S. §§ 1701, et seq.

## COUNT II – RESPONDEAT SUPERIOR
## LISTON DIXON v. UNITED STATES POSTAL SERVICE

17. All preceding paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein.

18. At all times relevant hereto, the driver operating Defendant, United States Postal Service's motor vehicle, was the employee, servant, or otherwise an agent of Defendant, United States Postal Service, and moreover, at all times relevant hereto, the driver operating Defendant, United States Postal Service's motor vehicle was acting within the scope of said employment or agency.

## COUNT III – NEGLIGENT ENTRUSTMENT
## LISTON DIXON v. UNITED STATES POSTAL SERVICE

19. All preceding paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein.

20. The aforesaid incident was caused by the negligence and carelessness of Defendant, United States Postal Service, consisting of, but not limited to the following:

   A. negligently entrusting their vehicle to an individual who was not equipped to operate their vehicle safely and/or with due care for others;
   B. negligently entrusting their vehicle to an individual who exhibited a disregard for the safety and well-being of others; and

    C. failing to properly train and/or instruct the driver operating Defendant's vehicle, in the safe operation and usage of their motor vehicle.

21. As a direct and proximate cause of the aforesaid negligence of Defendant, United States Postal Service, Plaintiff, Liston Dixon, suffered damages as more fully described herein.

**IV.** **Relief**

**WHEREFORE**, Plaintiff, Liston Dixon, respectfully requests this Honorable Court to enter judgment in his favor and against Defendants, United States Postal Service and Anthony Ringgold, individually and/or jointly for an amount to be determined at trial, interest and cost of suit.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

                                            **THE LAW OFFICES OF JOEL J. KOFSKY**

Date: 3/18/22

BY: _____
JOEL J. KOFSKY, ESQUIRE
I.D. No.: 61114
LAW OFFICE OF JOEL J. KOFSKY
1500 JFK BLVD., STE. 550
PHILADELPHIA, PA 19102
(215) 735-4800
litigation@phillyinjurylawyer.com
Attorney for Plaintiff

## VERIFICATION

I, __Liston Dixon_____, am the Plaintiff in this action and hereby verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information, and belief.

I understand that the statements in said pleading are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____
Signature

DATE: 3/30/22

# EXHIBIT A



September 2, 2021

Law Offices of Joel J. Kofsky
1500 JFK Boulevard, Suite 550
Philadelphia PA 19102

Re: No sum certain/Demand
Client: Liston Dixon
USPS Case #: 190-20-00461492C

Dear Sir/Madam:

The Standard Form (SF-95), Claim for Damage, Injury, or Death, was not received completed. In order for a Standard Form -95 to receive proper consideration, you are required to supply all material facts on the form, as they will be the basis for further action on your demand. The instructions that are listed on the reverse of the Claim for Damage, Injury or Death, SF-95, should be read before completing the form.

Upon reviewing the form, and related documents, the following items need to be completed and/or corrected and resubmitted before this Form SF-95 can be accepted as a being valid.

(1) All sections of the form must be completed. In those areas requiring information that is not pertinent to your claim, please indicate same by remarks such as "Not Applicable (N/A)", "No", or "None". **DO NOT LEAVE ANY SPACES BLANK;**

(2) **A claim must be for a specific amount. That amount must be shown in the appropriate spaces(s);**

(3) Claim adjusters or attorneys may not submit the claim or sign the claim form unless a copy of their Power of Attorney is attached thereto; and

(4) Acceptance of a claim is not an admission of liability on the part of the Government.

Enclosed please find a blank Standard Form 95, which you should complete and resubmit, in its original form, before the U.S. Postal Service can take any action to adjudicate this matter. If you should need any further information or assistance, please contact me.

Sincerely,

*Jason Jordan*

Jason Jordan
Tort Claims Coordinator

3190 S. 70TH STREET ROOM 201
PHILADELPHIA, PA 19153
215-863-5388

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**

USPS TORT CLAIM COORDINATOR (Case# 20-00461492C)
Jason Jordan
3190 S. 70th Street Room 201
Philadelphia, PA 19153

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Liston Dixon
2823 N. Broad St, Apt. 3-F
Philadelphia, PA 19132

Joel J. Kofsky, Esquire
1500 JFK Blvd., Suite 550
Philadelphia, PA 19102

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☑ CIVILIAN | 01/22/1987 | Single | 01/06/2020  Monday | 2:30P.M. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant was standing waiting to exit a Septa bus when the Septa bus was struck by a USPS truck causing the claimant to sustain injuries.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

neck, back, left arm, left leg, left hand, left hip, back and mental/emotional trauma

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Unknown at this time | |

**12.** (See instructions on reverse).  **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | $1,000,000 | | $1,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Joel J. Kofsky* | Joel J. Kofsky, Esquire 215-735-4800 | 09/09/2021 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☑ No

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☑ No    **17. If deductible, state amount.**

N/A

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☑ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

**Tort Claims Investigations**
**Philadelphia District**


UNITED STATES POSTAL SERVICE

November 4, 2021

Mr. Joel Kofsky
Law Offices of Joel J. Kofsky
1500 J.F.K. Blvd. Ste. 550
Philadelphia, PA 19102

      Ref: Notice of case File Forwarding
           USPS Case #   : 190-20-00461492C
           Date of Incident : January 06, 2020
           Your Client's Name: Liston Dixon

Dear Mr. Kofsky:

This is to advise you that your claim with the associated Postal Service case file 190-20-00461492C, was forwarded to the National Tort Center, St Louis, Missouri. Future correspondence should be directed to the below listed address.

      Chief Counsel – Natl Tort Center
      1720 Market St.  Room 2400
      St. Louis, MO 63155-9948

Should you have any questions or concerns please contact me at your convenience.

Sincerely,

*Jason Jordan*

Jason Jordan
Tort Claims Coordinator
(215) 863-5388